

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE | ) | |
| OF JAMIE D. MIKSCH, | ) | No. 35220-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| MINDY R. MIKSCH, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The trial court denied mother Mindy Miksch an order approving her relocation with her daughter. The trial court denied Mindy this relief in part despite the parties' parenting plan designating her as the primary custodian of the child and a statute granting a presumption in favor of relocation for a parent with whom the child resides most of the time. Evidence showed that the child spent as much, if not, more time with father Jamie. We adopt the decision of another panel of this division in *In re Marriage of Jackson & Clark*, 4 Wn. App. 2d 212, 421 P.3d 477 (2018) and affirm the trial court.

## FACTS

Jamie and Mindy Miksch married on July 24, 2004. The two dissolved their marriage on May 21, 2010. Their only child, E.M., was then four years old.

In the course of the pro se dissolution proceeding, the trial court signed an agreed parenting plan for Jamie and Mindy Miksch's daughter, E.M. The parenting plan designated Mindy as the primary custodian, with whom E.M. would reside a majority of the time. The plan provided that E.M. would reside with Jamie on weekends before she enrolled in school. After E.M. enrolled in school, E.M. would visit her father during holidays in odd numbered years and Father's Day each year. The parties' hand-wrote under the "other" provision of the parenting plan that "[w]hile petitioner [Jamie] is working 4 four days on, 4 days off schedule, child shall reside with petitioner every other 4 days off." Clerks Papers (CP) at 27.

The trial court, on May 21, 2010, also signed an agreed child support order and child support worksheet. The worksheet showed a standard calculation that directed Jamie Miksch to monthly pay Mindy $377.71. The parties agreed to a deviation of the standard calculation to $400.00 each month. On the child support worksheet, the parties noted:

> Petitioner and respondent have agreed upon a monthly payment of $400.00 a month to be paid to respondent. Special considerations would be due to the fact that petitioner will have child 40% of [the] month because of work schedule [i.e.,] rotating shifts.

CP at 47.

During the May 21, 2010 hearing for entry of the dissolution decree, parenting plan, and child support order, the following colloquy occurred:

2

> THE COURT: Okay, one dependent child, [E.M.]?
> PETITIONER [Jamie Miksch]: Yes.
> THE COURT: Okay. And who is the child going to primarily reside with?
> PETITIONER: It'd be Mindy for the most part.
> THE COURT: Okay. That's right, you work four days on, four days off?
> PETITIONER: Yes.

Report of Proceedings at 9.

According to Jamie Miksch, Mindy and he did not follow the parenting plan. Instead, after entry of the plan and during the next seven years, the former husband and wife equally shared residential time with their daughter on a rotating four-day schedule. Instead of E.M. residing with Jamie every other four days he had off work, she stayed with her father every four days he had off work.

On February 2, 2017, Mindy Miksch, still acting pro se, gave notice of an intent to relocate with E.M., who had reached age eleven, from Ephrata to Lynden, a distance of two hundred and sixty-seven miles and a travel time of four and a half hours. In the motion, Mindy declared that the lender would shortly foreclose on her Ephrata home and that she gained employment in Blaine, fifteen miles from Lynden. Jamie, then appearing through counsel, objected to the relocation.

A court commissioner conducted a hearing on Mindy Miksch's application to relocate. During the hearing, Mindy informed the court that she had been unemployed for months and unable to find a job despite filing applications throughout Washington

State. She added that the lender already foreclosed on her home. In response, Jamie Miksch argued that the relocation statutes did not apply to circumstances when parents equally share residential placement. According to Jamie, the actual circumstances, rather than the language of the parenting plan, controlled. Jamie argued, in the alternative, that the detrimental effect of relocation to Lynden significantly outweighed the benefit of any change to E.M. and Mindy.

In reply to Jamie Miksch's contentions at the relocation hearing, Mindy argued the parenting plan's placement of E.M. with her mother a majority of the time controlled the opportunity to relocate. The parenting plan designated her as the principal custodial parent.

The court commissioner denied Mindy Miksch's petition to relocate. The commissioner held that the relocation statutes did not apply and thus Mindy did not receive the presumption in favor of relocating. The court commissioner explained:

> The Court need only look at the language of the parenting plan to determine the schedule of the parties. From this Court's reading, the parenting plan is a "50/50" parenting plan, and neither parent has the child with that parent a majority of the time.

CP at 131.

Mindy Miksch, now appearing through counsel, moved the superior court judge for revision of the court commissioner's order. The superior court found that the parenting plan equally divided residential time. The superior court judge thus affirmed

4

the court commissioner.

After Mindy Miksch filed a notice of appeal to this court, the trial court, at the request of Jamie, entered an order finding adequate cause to modify the parenting plan. Jamie sought modification of the plan because of Mindy's living environment, domestic violence charges, and a charge for driving while intoxicated. Jamie noted that Mindy had moved to Lynden by herself while E.M. continued to reside in Ephrata. He noted that, during the four days during which he worked, E.M. resided with a family friend, not with Mindy. He added that he now scheduled and accompanied E.M. to medical and dental appointments.

On October 6, 2017, the court entered a new temporary parenting plan pending trial on a final modified parenting plan. Under the new temporary plan, E.M. primarily resides with Jamie Miksch and the plan designates him as the custodian for purposes of state or federal statues that require a determination of custody. Mindy receives visitation every other weekend.

## LAW AND ANALYSIS

We must first address a procedural contention of Jamie Miksch. Jamie argues that, even if the trial court erred, this appeal is moot. He highlights the new parenting plan entered after the appeal of this case. The new parenting plan designates Jamie as the primary custodian.

Jamie Miksch first raised the issue of mootness in a motion to this court's commissioner, who denied his motion to dismiss on grounds of mootness. RAP 17.7 reads, concerning commissioner rulings:

> An aggrieved person may object to a ruling of a commissioner or clerk, including transfer of the case to the Court of Appeals under rule 17.2(c), only by a motion to modify the ruling directed to the judges of the court served by the commissioner or clerk. The motion to modify the ruling must be served on all persons entitled to notice of the original motion and filed in the appellate court not later than 30 days after the ruling is filed.

In an unpublished case, this court previously declined to address whether discretionary review was appropriate when there was no motion to modify the commissioner's ruling granting discretionary review. *See Cornu-Labat v. Hospital District No. 2*, noted at 189 Wn. App. 1031, 2015 WL 4740492. Jamie Miksch failed to move this court to modify the commissioner's ruling on the issue of mootness so we decline to address this argument.

We move to the merits of Mindy Miksch's appeal. She argues that the trial court committed error when refusing to apply the presumption in favor of relocation to the parent with whom the child resides a majority of the time.

Washington's child relocation act is codified at RCW 26.09.405-.560. The act imposes notice requirements and sets standards for relocating children who are the subject of court orders regarding residential time. *In re Custody of Osborne*, 119 Wn. App. 133, 140, 79 P.3d 465 (2003). The act provides:

6

> a person with whom *the child resides a majority of the time* shall notify every other person entitled to residential time or visitation with the child under a court order if the person intends to relocate.

RCW 26.09.430 (emphasis added).  If a person entitled to residential time objects, the person seeking to relocate the child may not relocate without a court order.  RCW 26.09.480(2).  In turn, RCW 26.09.520 declares in part:

> The person proposing to relocate with the child shall provide his or her reasons for the intended relocation.  There is a rebuttable presumption that the intended relocation of the child will be permitted.  A person entitled to object to the intended relocation of the child may rebut the presumption by demonstrating that the detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person, based upon the following factors.

Courts read the two statutes together to afford the presumption only for the parent, with whom the child resides a majority of the time.  *In re Marriage of Jackson & Clark*, 4 Wn. App. 2d at 214; *In re Marriage of Fahey*, 164 Wn. App. 42, 56-58, 262 P.3d 128 (2011); *In re Parentage of R.F.R.*, 122 Wn. App. 324, 328-29, 93 P.3d 951 (2004).

After the hearing on relocation, the trial court has the authority to either allow or disallow a person to relocate the child based on an overall consideration of the best interests of the child.  RCW 26.09.420; *In re Parentage of R.F.R.*, 122 Wn. App. at 329.  This court reviews the trial court's decision for abuse of discretion.  *In re Parentage of R.F.R.*, 122 Wn. App. at 329.

The dispositive question on appeal is whether the trial court should have afforded Mindy Miksch, at the time of the relocation hearing, status as the parent with whom E.M.

7

resided a majority of the time. We must thus determine whether the language of the parenting plan controls or whether the mother's and father's practice of equal sharing of placement governs.

Two divisions of this court have addressed this precise question, Division Two in *In Re Marriage of Fahey*, 164 Wn. App. 42 (2011), and another panel of our division, Division Three, recently in *In re Marriage of Jackson & Clark*, 4 Wn. App. 2d 212 (2018). One judge dissented in *In Re Marriage of Fahey*, and this division adopted the dissenter's reasoning in *Marriage of Jackson & Clark*. We deem the dissent in *Fahey* and our division's decision in *Jackson & Clark* persuasive. RCW 26.09.430 grants the presumption in favor of relocation only to a parent with whom the child primarily resides, not to the parent named by the parenting plan as the custodial parent or the parent designated by the plan as having primary residential placement. To hold otherwise, would promote form over substance and interfere in a child's current routines of habitation. Therefore, this panel adopts our other panel's ruling in *Jackson & Clark*.

Jamie Miksch earlier filed a motion to dismiss Mindy Miksch's appeal as moot because the superior court entered a new temporary parenting plan after the decision denying Mindy the opportunity to move with the child. Our court commissioner denied the motion to dismiss. In turn, Mindy asks for reasonable attorney fees and costs as sanctions under CR 11 and RAP 18.1 on the basis that the motion to dismiss was frivolous. We do not find the motion frivolous because, although this court denied the

No. 35220-0-III
*In re Marriage of Miksch*

motion, Jamie advanced tenable grounds in support of the motion. We therefore deny the request for reasonable attorney fees and costs.

CONCLUSION

We affirm the trial court's ruling denying Mindy Miksch's request to relocate with the parties' child.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

9